UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-25270-CV-LENARD
(15-20686-CR-LENARD)
MAGISTRATE JUDGE REID

MARCUS NOEL,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's *pro se* Motion to Vacate his conviction and sentence in **Case No. 15-20686-CR-LENARD**, filed pursuant to 28 U.S.C. § 2255. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Movant, **Marcus Noel**, is a federal prisoner currently serving a 235-month term of imprisonment following his guilty plea to one count of conspiracy to commit hostage taking, in violation of 18 U.S.C. § 1203 (Count 1), and one count of hostage taking, in violation of 18 U.S.C. § 1203 (Count 2). [CR-ECF No. 25]. Movant was

also charged with one count of using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3), but this charge was dismissed after Movant's sentencing pursuant to a written Plea Agreement between Movant and the Government. [CR-ECF No. 47].

In the Motion to Vacate, Movant now argues that his conviction and sentence should be vacated for a variety of reasons: (1) the Court lacked jurisdiction because of a defect in his indictment; (2) his guilty plea is invalid because he only pleaded guilty in exchange for the Government dropping Count 3; (3) his conviction constituted double jeopardy because it "arose from a single act;" (4) his convictions for Count 1 and 2 "did not have an element of violence;" (5) his counsel was ineffective at sentencing for failing to consult with him and make certain objections; and (6) his counsel was ineffective at sentencing because he did not use a Creole interpreter. [ECF No. 3].

After issuing an Order to Show Cause [ECF No. 8], Respondent filed a Response in opposition to Movant's Motion. [ECF No. 11]. On March 31, 2020, Movant filed a Reply. [ECF No. 15]. Thus, the Motion to Vacate is now ripe for review by the Court.

Upon such review, and a review of the record in Movant's underlying criminal case, the Undersigned **RECOMMENDS** that the Motion to Vacate [ECF No. 1] be **DENIED**, as further discussed below.

## II.    Discussion

A.    Standard of Review

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982).

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has

3

probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining if a claim is cognizable, first, a district court must find that a defendant asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro*, 550 U.S. at 474).

4

B.    Movant's Claims

## Ground 1

In Ground 1, Movant claims that the Court lacked jurisdiction and could not accept his guilty plea to the two hostage taking charges because the indictment was allegedly defective. [ECF No. 3 at 2-3]. The alleged indictment defect Movant claims deprived the Court of jurisdiction is that it charged him in Count 3 with using and carrying a firearm in furtherance of a crime of violence (hostage taking), in violation of 18 U.S.C. § 924(c)(1)(A). [*Id.*]. Movant claims that such a charge was unconstitutional after the recent Supreme Court of the United States decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), because hostage taking no longer qualifies as a "crime of violence." [*Id.*].

Movant might be correct that hostage taking, in violation of § 1203, is an invalid predicate crime to sustain a conviction under § 924(c)(1)(A), however, the Eleventh Circuit "has not addressed whether hostage taking qualifies as a crime of violence," *Solorio Reyez v. United States*, 794 F. App'x 925, 926 (11th Cir. 2020) (*per curiam*), and even if Movant is correct, it does not deprive the Court of jurisdiction to accept his guilty plea to the two hostage taking charges.

Despite Movant's knowing and voluntary guilty plea and procedural default, challenges to a court's subject matter jurisdiction cannot be waived or procedurally defaulted. *See United States v. Peter*, 310 F.3d 709, 712-13 (11th Cir. 2002).

5

However, Movant's claim is meritless and should be denied because the Court did have subject matter jurisdiction over Movant's federal criminal case and was fully able to accept his guilty plea to the hostage taking charges.

In every federal criminal prosecution, subject matter jurisdiction is conferred by 18 U.S.C. § 3231, which provides that "the district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. This standard is "not demanding." *United States v. Moore*, 954 F.3d 1322 (11th Cir. 2020).

All an indictment must to do invoke federal subject matter jurisdiction is to "charge[] the defendant with violating a valid federal statute." *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014) (citing *Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000)). Movant's indictment did charge him with violating a federal statute because it stated that he violated 18 U.S.C. § 1203.

 While the indictment *might* have incorrectly alleged that hostage taking is a crime of violence that predicated his § 924(c)(1)(A) charge, there is no requirement that the entire multi-count indictment be dismissed and that the Court be stripped of jurisdiction because of a defect in one of the charges. Thus, Movant's indictment was and still is sufficient to invoke the Court's subject matter jurisdiction, even assuming a defect in Count 3.

Further, even if the indictment was defective, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "A jurisdictional defect occurs only where a federal court lacks power to adjudicate at all." *United States v. Maldenaldo Sanchez*, 269 F.3d 1250, 1273, n.45 (11th Cir. 2001) (*en banc*) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998), which described subject matter jurisdiction as "the courts' statutory or constitutional power to adjudicate the case").

"The constitutional rights to be charged by a grand jury, be informed of an accusation, and to have a jury trial are the personal rights of the defendant and do not go to the district court's subject matter jurisdiction." *Id*. Thus, while violation of any of the above constitutional rights is cognizable under § 2255, and a prisoner in custody under such a sentence that was "imposed in violation of the Constitution or laws of the United States" "may move the court which imposed the sentence to vacate, set aside or correct the sentence," 28 U.S.C. § 2255(a), such a claim is waived by a knowing and voluntary guilty plea, and may also be, and in this case would be, procedurally defaulted.

"A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant." *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (internal quotations and

citations omitted). Thus, Movant also waived this claim when he knowingly and voluntarily pleaded guilty to the two hostage taking charges, and it should be denied.

Finally, Movant's claim is procedurally defaulted because it was not raised on direct appeal. *See Lynn*, 365 F.3d at 1234 To overcome this procedural default, Movant must show both "cause" for the default and "actual prejudice" from the alleged error. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Here, even assuming, *arguendo*, that the fact that *Davis* was not yet decided is sufficient to demonstrate cause, Movant cannot show actual prejudice. "To establish prejudice, [Movant] would have to prove that [he] suffered actual prejudice, not merely 'the possibility of prejudice.'" *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (quoting *Fordham v. United States*, 706 F.3d 1345, 1350 (11th Cir. 2013)). "The error must have been one 'of constitutional dimensions' and worked to their 'actual and substantial disadvantage.'" *Id.* (quoting *Fordham*, 706 F.3d at 1350).

Movant cannot show prejudice because he admittedly committed the hostage taking charges he pleaded guilty to. There is a "strong presumption" that Movant's stipulations in his Factual Proffer and statements made under oath at his change of plea hearing are true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Movant bears a "heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (citations omitted). Movant

fails to meet his burden because he proffers nothing but conclusory and *post-hac*, self-serving statements that he was "actually innocent," and Movant provides no evidence to support his allegations or overcome the strong presumption of truth to his previous statements made under penalty of perjury.

### Ground 2

In Ground 2, Movant claims that "the guilty plea is invalidate (sic) when petitioner pleaded to two counts in the indictment when the petitioner is actually innocence (sic) of the third count 924(c) in which the court made unconstitutional." [ECF No. 3 at 3]. In the alternative, Movant seeks to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(B), because "he did not have a chance at the time when the petitioner pleaded guilty to attac[k] the invalidity of 924(c), because the law was not establish[ed] at the time when the petitioner enter[ed] the guilty plea." [*Id*. at 4].

This claim is mostly the same as Ground 1, where he argues that the Court lacked jurisdiction because of a perceived defect in his indictment. Just as in Ground 1, Movant's claim is meritless because his guilty plea waived all nonjurisdictional defects in the proceedings and he admitted to all of the elements of the hostage taking charges in his sworn Factual Proffer and his statements under oath at his change of plea hearing. *See Brown*, 752 F.3d at 1347; *see also Medlock*, 12 F.3d at 187.

To the extent that Movant alternatively argues that he did not have a chance to challenge the validity of the § 924(c) charge because *Davis* had not been decided yet, Movant is also wrong. There was nothing stopping Movant from raising the arguments made by the defendant in *Davis*, he simply did not do so.

His counsel was not defective for not arguing the claims made in *Davis* either. To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both[1] (1) that his counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Movant cannot demonstrate either cause of prejudice.

Movant cannot demonstrate deficient performance because at the time of Movant's underlying federal criminal case, *Davis* had not yet been decided. Simply put, an attorney is not constitutionally deficient for failing to anticipate future changes in the law. *See Pineda v. Warden, Calhoun State Prison*, 802 F.3d 1198, 1204 (11th Cir. 2015) ("We would not find counsel deficient for failing to anticipate the Supreme Court's clarification of the then-binding [law].") (citing *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001)). Thus, his attorney was not ineffective for failing to file, anticipate, and challenge Movant's § 924(c) charge.

---

[1] If a movant cannot meet one of *Strickland's* prongs, a court need not address the other prong. *See, e.g., Dingle v. Sec'y, Fla. Dep't of Corr.*, 480 F.3d 1092, 1100 (11th Cir. 2007) (citing *Strickland*, 466 U.S. at 697).

In any event, Movant cannot prove prejudice because his § 924(c) charge was dismissed as part of his Plea Agreement and he pleaded guilty of the other two hostage taking charges. To prove prejudice, Movant must establish a reasonable probability that but-for his counsel's deficient performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Here, Movant cannot do so because, as stated above, he knowingly and voluntarily pleaded guilty to the hostage taking charges, which waives this claim and admitted all elements of the offenses. Thus, the claim should be denied.

### Ground 3

In Ground 3, Movant argues that his conviction constitutes a double jeopardy violation, because the "prosecution arose from a single act." [ECF No. 3 at 5]. Movant argues that his "guilty plea did not waive defendant's right to assert[] double jeopardy claim." [*Id*.]. Alternatively, Movant alleges he received ineffective assistance of counsel by allowing Movant "to take a guilty plea to two counts, in a single act." [*Id*. at 6].

Movant's double jeopardy claim is meritless and should be denied. The double jeopardy clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. 5. The general test for double jeopardy is "whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304 (1932). Here,

Movant pleaded guilty to one count of *conspiracy* to commit hostage taking, and one count of *substantive* hostage taking.

In Movant's case, his prosecution did not arise "from a single act" as he claims, and each charge required proof of a fact which the other does not. Movant was guilty of conspiring to violate 18 U.S.C. § 1203 at the moment he and his co-defendant knowingly and voluntarily agreed to commit the hostage taking; and was guilty of the substantive hostage taking charge due to his later actions. "The elements of conspiracy center on a defendant's *agreement* to commit a crime and do not require the government to prove the elements of the underlying substantive crime itself." *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (*per curiam*) (emphasis in original).

"It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Callanan v. United States*, 364 U.S. 587, 593 (1961) (quoting *Pinkerton v. United States*, 328 U.S. 640, 643 (1946)). "A conspiracy is a partnership in crime." *Pinkerton*, 328 U.S. at 644 (citing *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 253 (1940)). "It has ingredients, as well as implications, distinct from the completion of the unlawful project." *Id.* (citing *United States v. Rabinowich*, 238 U.S. 78, 88 (1915)). Thus, Movant's claim that his conspiracy and

12

substantive hostage taking convictions violate double jeopardy because they arose from a "single act" are both legally frivolous and factually incorrect.

Finally, Movant's alternative argument of ineffective assistance of counsel for allowing Movant to plead guilty to two counts when he only took a single action is meritless and should be denied.  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both (1) that his counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 686-87.

Movant cannot demonstrate cause because his claim is factually incorrect; Movant did not plead guilty "to two counts, in a single act." Thus, we need not even reach the prejudice prong of *Strickland*, *see Dingle*, 480 F.3d at 1100, and this alternative basis should be denied as well.

**Ground 4**

Movant's fourth claim is that his hostage taking convictions in Counts 1 and 2 "did not have an element of violence." [ECF No. 3 at 8-11]. While it has not been conclusively established whether hostage taking has an element of violence such that it would qualify as a crime of violence under § 924(c)(3)(A) after *Davis*, *see Solorio Reyez*, 794 F. App'x at 926, it does not matter because whether or not Movant's hostage taking crimes have an element of violence has no bearing on his guilt or innocence of his convictions.

13

Movant pleaded guilty to his two hostage taking charges. Just as in Grounds 1 and 2, Movant's claim is meritless because his guilty plea waived all nonjurisdictional defects in the proceedings and he admitted to all of the elements of the hostage taking charges in his sworn Factual Proffer and his statements under oath at his change of plea hearing. *See Brown*, 752 F.3d at 1347; *see also Medlock*, 12 F.3d at 187. Thus, this claim should be denied.

### Supplemental Grounds 5 and 6

In what the Undersigned construes as Ground 5, Movant argues in a Supplemental Pleading that he received ineffective assistance of counsel at his sentencing by failing to discuss the Presentence Report with Movant, where there were allegedly errors that enhanced Movant's sentence. [ECF No. 6 at 1-3]. In Ground 6, Movant alleges that he received ineffective assistance of counsel because he was "abandoned" by his counsel and his Creole interpreter. [ECF No. 6 at 3-4]. Movant's claims are belied by the record and should be denied.

First, Movant's counsel was not deficient because Movant did adequately consult with counsel regarding the Presentence Report. While Movant's cites to a portion of the transcript from his sentencing hearing that indicates he did not complete his discussion of the Presentence Report with his counsel, Movant omits crucial portions that directly contradict his conclusions that he received ineffective assistance. A complete review of the transcript at Movant's sentencing hearing

14

indicates that he told the Court he had read and had discussed the Presentence Report with counsel prior to the hearing, but that he had not finished his consultation. [CR-ECF No. 72 at 3-4]. As a result, the Court took a recess and he completed those discussions with his attorney during the recess before the sentencing hearing resumed. [*Id.*]. After finishing his conversation with his counsel, Movant affirmed to the Court that he had ample opportunity to speak with his counsel, and that he was satisfied with the discussion. [*Id.*].

Movant made no objections to any substantive errors in the report that would have impacted Movant's sentencing. [*Id.*]. While stating in conclusory fashion that "[a]ny amount of jail time" constitutes prejudice, Movant raises no facts to indicate how he was prejudiced, because he does not specify any errors that were made in the Presentence Report, what his counsel failed to challenge, or how it led to a higher sentence than he would have received otherwise.

As for Ground 6, Movant's claim that he was "abandoned" by his counsel and the Creole interpreter at the "critical stage" of sentencing, and that the Presentence Report was not made available at least 30 days before sentencing, this claim is also untrue based on the record. At the beginning of Movant's sentencing hearing, the Court acknowledges that Movant is being assisted by the Creole interpreter. [*Id.* at 2]. Then, at one moment much later in the proceeding, the interpreter interrupts the hearing and states that there is an issue with the audio equipment, and the system is

15

immediately fixed. [*Id.* at 56]. Other than that, there is no mention of any issue with the Creole interpreter, though Movant claims that the interpreter did not participate in his conversations with counsel.

The Court Interpreters Act, 28 U.S.C. § 1827, provides for the use of interpreters and leaves it "to the sound discretion of the trial judge." *United States v. Edouard*, 485 F.3d 1324, 1337 (!1th Cir. 2007). Here, Movant was provided an interpreter, but claims that the interpreter did not participate in Movant's private conversations with counsel. The Undersigned notes, however, that when asked by the Court via the interpreter, Movant states that he was satisfied with his ability to consult with counsel about sentencing and makes no mention of this claim that he was unable to communicate with counsel. [CR-ECF No. 72 at 2-4].

To the extent that Movant argues he did not receive the Presentence Report in a timely fashion, the record indicates that a draft of the Presentence Report was provided to the parties on November 2, 2016. [CR-ECF No. 49]. Since Movant's sentencing hearing was over two months later, on January 13, 2017, his claim that the Court failed to provide it more than 30 days before his sentencing hearing is demonstrably false and should be denied. [CR-ECF No. 64].

To conclude, the cases cited by Movant are either inapplicable or wholly distinguishable. The first dealt with a criminal defendant who was sentenced to death, but was not informed of the substance of a pretrial plea offer, and the Court

found that he was not adequately informed of the plea offer because the offer was not conveyed to him by a translator. [ECF No. 6 at 4] (citing *Blanco v. Sec'y, Fla. Dep't of Corr.*, 688 F.3d 1211, 1237-38 (11th Cir. 2012). This case is significantly different because by the sentencing hearing, Movant had already pleaded guilty and the Court had already accepted his change of plea months earlier. Thus, his understanding of the nature of his plea agreement, that was already accepted by the Court months earlier, is not germane.

As for the other case cited by Movant, *Turner v. Dragovich*, 163 F. App'x 97 (3d Cir. 2006) (*per curiam*), Movant claims it stands for the proposition that he was abandoned by the interpreter, which undermined the integrity of the proceeding. However, a review of this unpublished case from outside our Circuit does not reveal anything useful to support this statement. Regardless, even if it did, it does not apply because the record shows that the interpreter was present and did translate the proceeding for Movant, as discussed above. Thus, this claim should be denied.

### III.   Recommendations

Based on the above, it is **RECOMMENDED** that the Motion to Vacate [ECF No. 1] be **DENIED** and that no Certificate of Appealability be issued.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation

and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See*

28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

      **SIGNED** this 27th day of August, 2020.

                                      _____

                                  UNITED STATES MAGISTRATE JUDGE

cc:    **All Counsel of Record**; and

       **Marcus Noel**
       09117-104
       Gilmer Federal Correctional Institution
       Inmate Mail/Parcels
       Post Office Box 6000
       Glenville, WV 26351
       *PRO SE*

18